IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DUSTIN DALE BENNETT,

       Petitioner,

   v.           CASE NO. 11-3169-SAC

JUDGE MCCARVILLE,

       Respondent.


**O R D E R**

  This matter comes before the court on a form complaint for filing under 42 U.S.C. § 1983, submitted pro se by a prisoner confined in the Reno County Jail in Hutchinson, Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915, and motion for appointment of counsel.

  Plaintiff appears to be confined on pending state charges, and seeks unspecified relief on allegations of constitutional error by the state district court judge in setting plaintiff's bail. The sole defendant named in the complaint is a Reno County District Court Judge.

  Reviewing the nature of plaintiff's allegations, the court finds that absent objection by plaintiff, this action should be liberally construed as seeking pretrial relief in the nature of habeas corpus. Plaintiff's motion for leave to proceed in forma pauperis is provisionally granted, subject to the pleading being construed as seeking relief under the general grant of habeas corpus

authority, 28 U.S.C. § 2241.[1]

Section 2241 is the appropriate vehicle for challenging the constitutionality of pretrial detention. *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir.2007). However, absent unusual and extraordinary circumstances a federal court is not permitted to intervene in ongoing state criminal proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger* and its progeny, federal courts should not interrupt ongoing state proceedings when adequate state relief is available. *Weitzel v. Div. of Occupational and Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir.2001)

The court finds abstention is required in the present case where there is an ongoing state criminal proceeding, the state courts provide an adequate forum to hear plaintiff's allegations of error,[2] the setting of a state bail generally involve matters implicating state concerns and policies, and plaintiff makes no showing of extraordinary circumstances warranting the federal court's intervention. *See Walck*, 472 F.3d at 1232-33 (setting forth

---

[1] If plaintiff objects and insists on proceeding in civil rights under 42 U.S.C. § 1983, then plaintiff will be subject to the filing fee provisions imposed by the Prison Litigation Reform Act (PLRA) in 1996 on prisoners seeking relief in federal court. Section 1915 as amended by the PLRA obligates a prisoner to pay the full $350.00 district court filing fee by payment of an initial partial filing fee assessed by the court pursuant to § 1915(b)(1), and then by automatic payments from plaintiff's prisoner account as authorized by § 1915(b)(2) until the full filing fee obligation has been satisfied. Habeas corpus actions filed in federal court are not subject to these PLRA fee provisions. *See United States v. Simmonds*, 111 F.3d 737 (10th Cir. 1997).

[2] Notably, to seek federal habeas corpus relief, a state prisoner must first exhaust state court remedies. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir.2000). There is nothing to suggest that plaintiff has done so in this case.

requirements and exceptions regarding *Younger* abstention); *Weitzel*, 240 F.3d at 876 (finding no showing of extraordinary circumstances involving irreparable injury).

The court thus grants plaintiff twenty (20) days from the date of this order to object if he so chooses to this action proceeding in habeas corpus, and to show cause why this action as so construed should not be dismissed without prejudice.  The failure to file a timely response will result in plaintiff's request for relief under § 2241 being dismissed without prejudice without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that absent objection by plaintiff within twenty (20) days, this action is construed by the court as seeking relief under 28 U.S.C. § 2241.

IT IS FURTHER ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is provisionally granted subject to this action proceeding in habeas corpus.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why this habeas action should not be summarily dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 3) is denied without prejudice.

**IT IS SO ORDERED.**

DATED:  This 31st day of October 2011 at Topeka, Kansas.

                                                   s/ Sam A. Crow
                                            SAM A. CROW
                                            U.S. Senior District Judge